[Civ. No. 2378. First Appellate District.—April 20, 1918.]

NETTE SEXTON DOW (a Widow), et al., Appellants, v. GEORGE E. DOW ESTATE COMPANY (a Corporation), et al., Respondents.

ACTION TO SET ASIDE TRANSFER OF INTEREST IN ESTATE—MENTAL INCAPACITY AND UNDUE INFLUENCE — JUDGMENT SUPPORTED BY EVIDENCE.—In this action by the widow and minor child of a deceased person against the mother, brothers and sister of deceased, and certain corporation defendants to set aside, upon the ground of decedent's mental incapacity and the undue influence of his relatives, a certain transaction whereby deceased transferred his one-eighth interest in his father's estate to the defendant corporation, and took one-eighth of the stock in return therefor, it is held that the evidence is sufficient to support the judgment for defendants.

ID.—CONSIDERATION OF TESTIMONY—DISCRETION NOT ABUSED.—In such an action, it is not an abuse of discretion to accept the testimony of defendant's witnesses, although they only saw the deceased occasionally, in preference to that of plaintiff's witnesses, who saw him every day during his last illness, which began some time prior to the transfer.

ID.—INTIMATE ACQUAINTANCES — INFREQUENT VISITS — INSUFFICIENT GROUND FOR DISQUALIFICATON.—In such an action, the mother, brothers, and sister of deceased are not disqualified to testify as intimate acquaintances because their visits to the deceased during the last few years of his life were rather infrequent.

APPEAL from a judgment and order of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, and H. F. Chadbourne, for Appellants.

Coogan & O'Connor, and Julius Kahn, for Respondents.

ZOOK, J., *pro tem.*—This is an action by the widow and minor child of Edwin Tyson Dow, deceased, against the mother, brothers, and sister of said decedent and certain corporation defendants to set aside, upon the ground of decedent's mental incapacity and the undue influence of his rela-

tives, a certain transaction whereby Edwin Tyson Dow transferred his one-eighth interest in his father's estate to the defendant George E. Dow Estate Company, a corporation, and took one-eighth of the stock of the corporation in return therefor. Defendants had judgment, and as the questions raised on this appeal may be briefly disposed of, it will be unnecessary to set forth the facts of the case herein.

Appellants' main contention is that the evidence was insufficient to support the judgment, and their brief is devoted mainly to a discussion of the evidence. They claim that because their witnesses, the wife, nurses, and the intimates of Dow, saw him every day during his last illness, which began some time prior to the transfer, their testimony should, as a matter of law, have been accepted in preference to that of defendants' witnesses, who saw Dow only occasionally, and that the failure of the trial judge so to hold was an abuse of discretion, requiring a reversal of the judgment. In support of this rather unusual contention, a more startling claim is made, namely, that the mother, brothers, and sister of decedent were not qualified as intimate acquaintances because their visits to him during the last few years of his life were rather infrequent. Both points are equally devoid of merit. We have carefully examined the whole record, and find ample evidence to support the court's finding in support of the validity of the transfer. Indeed, it would require a considerable preponderance of evidence to upset the transfer under any circumstance, for it is apparent that, in making the transfer, the decedent in effect changed the form only of his interest in his father's estate, without altering the extent thereof in the slightest degree.

The only other question raised is as to the correctness of the court's finding that the action was barred by laches. As there was a complete hearing of the case on its merits and a finding adverse to appellant thereon, the question whether or not the cause of action was barred becomes wholly immaterial.

The judgment is affirmed.

Kerrigan, J., and Beasly, J., *pro tem.,* concurred.